Fifield *v.* Smith.

present a case, on which the Commissioners were authorized to act; and the writ of *certiorari*, must be granted.

---

DAVID S. FIFIELD & *al. versus* COMFORT C. SMITH & *al.*

A witness examined on the *voir dire*, and exhibiting an apparent interest in the case, may be permitted to show, by testifying further, that such apparent interest has been removed by writings or records, although not produced or present at the time.

ASSUMPSIT against ten persons, doing business as a Company in making scythes.

A. Gile was called as a witness by the defendants. He was objected to by the plaintiffs, and on their examination on the *voir dire*, he appeared to have had an interest in the event of the suit. The defendants then proceeded to examine him as to the sale of all his interest to R. B. Dunn, by deed. This was objected to by the plaintiffs, unless the deed or a copy of it from the registry was produced. WHITMAN C. J. presiding at the trial, sustained the objection, and the witness was excluded. The defendants filed exceptions, a verdict having been returned in favor of the plaintiffs.

*May* and *Morrill*, for the defendants, contended, that when the interest of a witness only appears by his own testimony, that it is competent to examine him in relation to the contents of writings or deeds, without producing them, to show that he had ceased to have an interest at the time of trial. *Miller* v. *Mariner's Church,* 7 Greenl. 51; *Marwick* v. *The Georgia Lumber Co.* 18 Maine R. 49.

*Wells* and *Howe,* for the plaintiffs, contended, that a new trial ought not to be granted on account of the rejection of the witness.

The opinion of the Court was afterwards drawn up by

WHITMAN C. J. — The bill of exceptions, in this case, states, that one Gile was introduced as a witness, by the de-

fendants, who, being put upon the *voir dire*, disclosed certain facts, which, as the Court considered, show him to be interested in the event of the suit; whereupon the defendants proposed to prove, by a further examination of the witness, that he had divested himself of his apparent interest in the cause, by conveyances, by deeds duly recorded. The Judge sitting in the trial ruled that such proof should be made, by an exhibition of the deeds or copies of them from the registry; to which the defendants took exception, which was allowed.

The authorities seem to show, very clearly, that, a witness examined on the *voir dire*, and exhibiting an apparent interest in the cause, may be permitted to show, by testifying further, that such apparent interest has been removed by writings or records, although not produced or present at the time. Greenl. Ev. 470; *Miller* v. *The Mariner's Church,* 7 Greenl. 51. The exceptions therefore must be sustained and a new trial be granted.